This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar, along with the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing on 16 May 2000 as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. NCFA Mutual Insurance Company was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The average weekly wage is $506.86 with a compensation rate of $337.93.
5. The issues for determination are:
 a. Whether plaintiff sustained an injury by accident on or about January 4, 1990?
 b. If plaintiff did not sustain an injury by accident, was his right shoulder condition as a result of an occupational disease?
6. The parties stipulated medical treatment records into evidence.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a sixty-nine year old male who had been employed for almost fourteen years with the defendant-employer. Plaintiff worked as a sawyer where his duties were to put lumber in the saw. Plaintiff had pre-existing arthritis in both shoulders.
2. On January 4, 1999, plaintiff slipped and fell on ice when he went to move a truck. He broke his eyeglasses in the fall.
3. Plaintiff went to his boss for superglue to repair his glasses. John Corpening took the eyeglasses for repairs. However, plaintiff did not report the slip and fall.
4. On or about February 16, 1999, plaintiff sought treatment from Dr. Richard McBurney. However, plaintiff did not report the slip and fall injury. Rather, plaintiff sought an evaluation for his diabetes. He also complained of pain in both shoulders, which Dr. McBurney related to the arthritis.
5. Plaintiff informed his employer on May 5, 1999 that he was quitting work because he was going blind. His employer recommended that he go to his family doctor. On May 17, 1999, Dr. Edward Bujold saw plaintiff, who complained of pain in both shoulders and knees. Dr. Bujold diagnosed plaintiff with right frozen shoulder with tendonitis. Plaintiff did not report any history of a slip and fall at work to Dr. Bujold. Therapy was ordered.
6. On June 30, 1999, plaintiff sought treatment from Dr. McBurney for a dislocated shoulder that he had for about two months.
7. By July 15, 1999, plaintiff was seen by Dr. Dustin Frazier for severe degenerative arthritis in the right shoulder. Plaintiff reported the problem had existed for two to three months.
8. On August 13, 1999, Dr. Frazier operated on plaintiff's right shoulder.
9. On or about August 25, 1999, plaintiff notified his employer that he fell on ice on December 1, 1998, injuring his right shoulder. Plaintiff's Forms 18 and 33 listed different injury dates.
10. The defendants were prejudiced by plaintiff's failure to timely report the alleged slip and fall, as they could not promptly investigate the matter nor could they direct medical treatment.
11. The greater weight of the competent medical evidence in the record supports a finding that the plaintiff `s right shoulder problems were due to his pre-existing arthritis and not due to an alleged slip and fall. In fact, based upon the histories given to the various doctors, it is logical to conclude that plaintiff's shoulder problem did not begin until April or May of 1999, and was, therefore, not related to any alleged fall.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Even if plaintiff's testimony is accepted as credible to establish a slip and fall on January 4, 1999, plaintiff did not timely give notice of the alleged injury to his employer. N.C. GEN. STAT. § 97-22. The defendants were prejudiced by plaintiff's failure to timely report the alleged injury.
2. Assuming arguendo that plaintiff's injury is found to be compensable, he has failed to carry the burden of proof to establish by competent medical evidence that his arthritic shoulder condition was caused or aggravated by the alleged slip and fall. N.C. GEN. STAT. §§ 97-2(6), 97-2(9).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim is, and under the law, MUST BE DENIED.
2. Each side shall pay its own costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________________ THOMAS JEFFERSON BOLCH COMMISSIONER
 S/____________ DIANNE SELLERS COMMISSIONER